UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

_____  )
                                     )
TOXICS ACTION CENTER, INC.           )
and CONSERVATION LAW FOUNDATION,     )
                                     )
             Plaintiffs               )
                                     )
     v.                              )     Case No. 1:18-cv-00393-PB
                                     )
CASELLA WASTE SYSTEMS, INC.          )
and NORTH COUNTRY                    )
ENVIRONMENTAL SERVICES, INC.,        )
                                     )
             Defendants              )
_____  )

## **DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT**

Defendants, North Country Environmental Services, Inc. ("NCES") and Casella Waste Systems, Inc. ("Casella"), respectfully submit this answer to the complaint filed on May 14, 2018.

### **INTRODUCTION**

1.      Defendants deny the allegations of paragraph 1.

2.      Defendants deny the allegations of paragraph 2.

3.      Defendants deny the allegations of paragraph 3.

### **JURISDICTION AND VENUE**

4.      Paragraph 4 states a legal conclusion for which no response is required.

5.      Paragraph 5 states a legal conclusion for which no response is required.

6.      Defendants admit that they received a written notice from plaintiffs on or about March 8, 2018.  Defendants are without knowledge sufficient to admit or deny the remaining allegations of this paragraph and therefore deny them.

1

7. Defendants admit that Exhibit 1 is a copy of the notice they received on or about March 8, 2018. To the extent this paragraph includes further allegations, defendants deny them.

8. Defendants admit they received the notice attached as Exhibit 1 to the complaint. Defendants are without knowledge sufficient to admit or deny the remaining allegations of this paragraph and therefore deny them.

9. Paragraph 9 states a legal conclusion for which no response is required.

10. Defendants admit the allegations of paragraph 10.

11. Defendants are without knowledge sufficient to admit or deny the allegations of this paragraph and therefore deny them.

12. Defendants admit that neither the EPA nor the State of New Hampshire has commenced an action against defendants for the violations alleged by plaintiffs. Defendants deny the remainder of the allegations of paragraph 12.

## **PARTIES**

13. Defendants are without knowledge sufficient to admit or deny the allegations of this paragraph and therefore deny them.

14. Defendants deny the allegations of paragraph 14.

15. Defendants are without knowledge sufficient to admit or deny the allegations of this paragraph and therefore deny them.

16. Defendants deny the allegations of paragraph 16.

17. Defendants deny that NCES is organized under the laws of the State of New Hampshire and that NCES is "an" operator of the landfill. Defendants admit the remainder of the allegations of this paragraph.

18.     Defendants deny that NCES maintains and operates the "Drainage Channel." Defendants admit the remainder of the allegations of this paragraph.

19.     Defendants deny that Casella is an operator of the landfill. Defendants admit the remainder of the allegations of this paragraph.

20.     Defendants deny the allegations of paragraph 20.

## CITIZEN ENFORCEMENT SUITS UNDER THE CLEAN WATER ACT

21.     Paragraph 21 states a legal conclusion for which no response is required.

22.     Paragraph 22 states a legal conclusion for which no response is required.

23.     Paragraph 23 states a legal conclusion for which no response is required.

24.     Paragraph 24 states a legal conclusion for which no response is required.

## FACTUAL BACKGROUND

### The Landfill

25.     Defendants admit the allegations of paragraph 25.

26.     Defendants deny the allegations of paragraph 26; by way of further answer, the landfill is approximately 900 feet from the river at its closest point.

27.     Defendants admit the allegations of paragraph 27; by way of further answer, the phrase "Unlined Waste Disposal Space" is inaccurate.

28.     Defendants deny the allegations of paragraph 28.

29.     Defendants admit the allegations of paragraph 29.

30.     Defendants deny the allegations of paragraph 30.

31.     Defendants admit the allegations of paragraph 31; by way of further answer, the phrase "Unlined Waste Disposal Space" is inaccurate.

32. Defendants admit the first and third sentences of paragraph 32. Defendants deny the second sentence of paragraph 32.

### The Drainage Channel

33. Defendants admit the allegations of paragraph 33.

34. Defendants deny the allegations of paragraph 34.

35. Defendants admit that NCES and its consulting hydrogeologists refer to this seep as the "Main Seep." Defendants are without knowledge sufficient to admit or deny the remainder of the allegations of this paragraph and therefore deny them.

36. Defendants admit the allegations of paragraph 36.

37. Defendants admit the allegations of paragraph 37.

38. Defendants deny that the "Drainage Channel" "collects" or "conveys" water in the sense those terms are used in this paragraph. Defendants admit the remainder of the allegations of this paragraph.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

41. Defendants deny the allegations of paragraph 41.

42. Defendants admit that consultants and contractors of NCES suctioned sediment from the "Drainage Channel" and the "Main Seep" in 2010. Defendants deny the remainder of the allegations of this paragraph.

43. Defendants deny the allegations of paragraph 43.

44. Defendants deny the allegations of paragraph 44.

**Groundwater Permit and Water Quality Monitoring**

45. Defendants admit that NCES has such a permit. Defendants deny the remainder of the allegations of this paragraph.

46. Defendants admit the allegations of paragraph 46.

47. Defendants admit the allegations of paragraph 47; by way of further answer, NCES is required to sample at one location in the "Drainage Channel."

48. Defendants admit the allegations of paragraph 48.

49. Defendants deny that Casella personnel coordinate with Sanborn Head. Defendants admit the remainder of the allegations of paragraph 49.

50. Defendants admit the allegations of paragraph 50.

51. Defendants admit that the monitoring results are compared to the AGQS. Defendants deny that the SMCL are "applicable" standards.

52. Paragraph 52 states a legal conclusion for which no response is required.

53. Paragraph 53 states a legal conclusion for which no response is required.

54. Paragraph 54 states a legal conclusion for which no response is required.

**Pollutant Discharges from the Drainage Channel to the Ammonoosuc River**

55. Defendants deny the allegations of paragraph 55.

56. Defendants admit the allegations of paragraph 56.

57. Defendants admit the allegations of paragraph 57.

58. Defendants admit the allegations of paragraph 58.

59. Defendants deny the allegations of paragraph 59.

60. Defendants deny the allegations of paragraph 60.

61. Defendants admit the allegations of paragraph 61.

62. Defendants admit the allegations of paragraph 62.

63. Defendants admit the allegations of paragraph 63.

64. Defendants deny the allegations of paragraph 64.

65. Defendants deny the allegations of paragraph 65.

66. Defendants admit the allegations of paragraph 66.

67. Defendants admit that Sanborn Head, as part of its hydrogeological services to NCES, has concluded that contamination from the unlined landfill has increased the concentrations of natural-occurring iron and manganese in the groundwater at the Main Seep. Defendants deny the remainder of the allegations of paragraph 67.

68. Defendants deny the allegations of paragraph 68.

69. Defendants deny the allegations of paragraph 69.

70. Defendants deny the allegations of paragraph 70.

71. Defendants deny the allegations of paragraph 71.

72. Defendants are without knowledge sufficient to admit or deny the allegations of this paragraph and therefore deny them.

73. Defendants deny the allegations of paragraph 73.

74. Defendants admit the first sentence of paragraph 74 and deny the second sentence.

75. Defendants deny the allegations of paragraph 75.

### ADVERSE EFFECTS OF POLLUTANTS DISCHARGED FROM THE DRAINAGE CHANNEL

76. Defendants admit the allegations of paragraph 76.

77. Defendants are without knowledge sufficient to admit or deny the allegations of this paragraph and therefore deny them.

78. Defendants are without knowledge sufficient to admit or deny the allegations of this paragraph and therefore deny them.

79. Defendants are without knowledge sufficient to admit or deny the allegations of this paragraph and therefore deny them.

80. Defendants are without knowledge sufficient to admit or deny the allegations of this paragraph and therefore deny them.

81. Defendants are without knowledge sufficient to admit or deny the allegations of this paragraph and therefore deny them.

82. Defendants deny the allegations of paragraph 82.

83. Defendants deny the allegations of paragraph 83.

## **VIOLATIONS OF THE CLEAN WATER ACT**

84. Defendants deny the allegations of paragraph 84.

85. Defendants deny the allegations of paragraph 85.

**A.** **The Drainage Channel is a Point Source.**

86. Paragraph 86 states a legal conclusion for which no response is required.

87. Defendants deny the allegations of paragraph 87.

88. Defendants deny the allegations of paragraph 88.

89. Defendants deny the allegations of paragraph 89.

90. Defendants deny the allegations of paragraph 90.

**B.** **The Ammonoosuc River is a Navigable Water.**

91. Paragraph 91 states a legal conclusion for which no response is required.

92. Defendants admit the allegations of paragraph 92.

93. Paragraph 93 states a legal conclusion for which no response is required.

    **C.**    **The Drainage Channel is Adding Pollutants to the Ammonoosuc River.**

94. Paragraph 94 states a legal conclusion for which no response is required.

95. Defendants deny the allegations of paragraph 95.

96. Defendants deny the allegations of paragraph 96.

97. Defendants deny the allegations of paragraph 97.

    **D.**    **Defendants Are Not Authorized to Discharge Pollutants From the Drainage Channel to the Ammonoosuc River.**

98. Defendants admit the allegations of paragraph 98.

99. Defendants admit the allegations of paragraph 99.

100. Defendants admit the allegations of paragraph 100.

101. The MSGP speaks for itself. To the extent this paragraph misstates the MSGP, defendants deny it.

102. NCES's permit speaks for itself. To the extent this paragraph misstates the permit, defendants deny it.

    **E.**    **Defendants' Unauthorized Discharges Are Ongoing and Continuous.**

103. Defendants deny the allegations of paragraph 103.

104. Defendants deny the allegations of paragraph 104.

105. Defendants deny the allegations of paragraph 105.

**PLAINTIFFS AND THEIR MEMBERS ARE HARMED BY THE CWA VIOLATIONS**

106. Defendants are without knowledge sufficient to admit or deny the allegations of this paragraph and therefore deny them.

107. Defendants are without knowledge sufficient to admit or deny the allegations of this paragraph and therefore deny them.

108. Defendants are without knowledge sufficient to admit or deny the allegations of this paragraph and therefore deny them.

109. Defendants are without knowledge sufficient to admit or deny the allegations of this paragraph and therefore deny them.

110. Defendants are without knowledge sufficient to admit or deny the allegations of this paragraph and therefore deny them.

111. Defendants are without knowledge sufficient to admit or deny the allegations of this paragraph and therefore deny them.

112. Defendants are without knowledge sufficient to admit or deny the allegations of this paragraph and therefore deny them.

113. Defendants are without knowledge sufficient to admit or deny the allegations of this paragraph and therefore deny them.

114. Defendants are without knowledge sufficient to admit or deny the allegations of this paragraph and therefore deny them.

115. Defendants deny the allegations of paragraph 115.

## **RELIEF REQUESTED**

Defendants respectfully request that the court deny the relief requested by plaintiffs and award defendants their attorney's fees and costs.

## **AFFIRMATIVE DEFENSES**

A. The complaint fails to state a claim for which relief can be granted.

B. Plaintiffs' claims are time-barred.

C. The court lacks subject-matter jurisdiction.

D. Plaintiffs have unclean hands.

E. Plaintiffs are estopped from pursuing the claims in the complaint.

F. Plaintiffs commenced and have maintained this action principally for purposes other than obtaining the relief sought in the complaint, and those purposes are unlawful and improper.

G. The civil penalties provision set forth in Section 1319(d) of the Clean Water Act violates the due process clauses of the United States Constitution.

Respectfully submitted,

NORTH COUNTRY ENVIRONMENTAL SERVICES, INC. and
CASELLA WASTE SYSTEMS, INC.,
By Their Attorneys,

Date: January 29, 2019      /s/ Bryan K. Gould
Bryan K. Gould, Esq. (NH Bar #8165)
Cooley A. Arroyo, Esq. (NH Bar #265810)
Callan E. Maynard, Esq. (NH Bar #20799)
Cleveland, Waters and Bass, P.A.
Two Capital Plaza, P.O. Box 1137
Concord, NH 03302-1137
Telephone: (603) 224-7761
Facsimile: (603) 224-6457

CERTIFICATE OF SERVICE

I hereby certify that the within pleading is being served electronically upon counsel listed below through the court's ECF system.

Daniel J. Mullen, Esq., Ransmeier & Spellman P.C.
David A. Nicholas, Esq., Nicholas Law Office
Joshua R. Kratka, Esq., National Environmental Law Center
Kevin P. Budris, Esq., National Environmental Law Center
Thomas Irwin, Esq., Conservation Law Foundation

Date: January 29, 2019      /s/ Bryan K. Gould
Bryan K. Gould, Esq.